**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| FRANKLIN KINSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-CV-00007-NCC |
| | ) |
| BILLY LOFLIN, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Franklin Kinsey for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 4). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.29. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants Billy Loflin, Tyler Womack, and Unknown Dobbs in their individual capacities.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of her[1] motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of her inmate account statement. (Docket No. 7). The account statement shows an average monthly deposit of $11.43. The Court will therefore assess an initial partial filing fee of $2.29, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

---

[1] Plaintiff has advised the Court that she identifies as a transgender woman and requests that female pronouns be used. (Docket No. 5 at 3; Docket No. 8 at 2). For purposes of this order, the Court will grant this request.

2

When reviewing a pro se (self-represented) complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. She brings this civil action pursuant to 42 U.S.C. § 1983, naming Correctional Officers Billy Loflin, Tyler Womack, and Unknown Dobbs as defendants. (Docket No. 1 at 3-4). All three are sued in their individual capacities only. The complaint concerns allegations of sexual abuse.

In the "Statement of Claim," plaintiff asserts that on December 6, 2022, she "was stripped naked while in restraints … and held against [the] wall by" Officers Loflin and Dobbs. (Docket No. 1 at 4). Plaintiff alleges that while she being held against the wall, Officer Womack "rammed his finger in" her anus, which plaintiff characterizes as sodomy. (Docket No. 1 at 4-5). According to plaintiff, this caused pain and anal bleeding, as well as mental suffering that required plaintiff

3

to go on suicide watch. Plaintiff states that the incident took place in Cell 110 in the C wing of 2 House. (Docket No. 1 at 4).

After Officer Womack allegedly penetrated plaintiff's anus, Womack tried to flush his gloves down the toilet. The gloves became stuck and plaintiff states that she retrieved them and turned them into another correctional officer "as evidence." Plaintiff asserts that she requested a rape kit, which was not done. (Docket No. 1 at 5). She also contends that she should have been taken to the hospital, but was not. Instead, plaintiff notes that only her blood pressure and temperature were taken.

Based on these facts, plaintiff wants charges pressed against all three defendants, as well as $1 million in damages.

Following the submission of her complaint, plaintiff filed both a supplement and a document that the Court construes as a motion for preliminary injunctive relief, both of which contain additional factual allegations. The Court has reviewed these filings and will treat them as part of the pleadings.[2]

In the supplement, plaintiff complains about the grievance process and her inability to get a copy of her inmate account statement. (Docket No. 5). Plaintiff asserts she is a transgender woman and contends that Missouri Department of Corrections Policy DI-8.13 – governing sexual abuse and harassment – is being violated. According to plaintiff, this policy requires that victims and perpetrators be separated "by sight and sound in a segregation unit," but she alleges she still

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 F. App'x 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

has contact with Officers Loflin, Dobbs, and Womack. She further states that she is being retaliated against for filing Prison Rape Elimination Act violations, and is being subjected to cruel and unusual punishment.

In her motion for preliminary injunctive relief, plaintiff asks the Court to order that Policy DI-8.13 be followed, and that she be separated "by sight and sound from" the defendants. (Docket No. 8). In addition, plaintiff seeks an order releasing her from administrative segregation back to protective custody. Finally, she asks the Court to order copies of all her retaliation reports.

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, accusing Officers Loflin, Womack, and Dobbs of sexually abusing her. Because plaintiff is proceeding in forma pauperis, the Court has reviewed her complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants Loflin, Womack, and Dobbs in their individual capacities.

### A. Individual Capacity Claims Against Loflin, Womack, and Dobbs

Plaintiff has sued Officers Loflin, Womack, and Dobbs in their individual capacities. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail and, therefore, "there can be no causal connection between any action on the part of the defendants and any alleged

deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In her filings before the Court, plaintiff frames her action as one for sexual abuse and harassment in violation of the Eighth Amendment.

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). This includes protection for inmates from physical or sexual assault at the hands of correctional officers. *See Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007) (stating that prisoners have a clearly established right under the Eighth Amendment to be free from sexual abuse). *See also Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (stating that "sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries"). In other words, "because the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wanton infliction of pain." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997).

Under 42 U.S.C. § 1983, a "plaintiff must allege threatened or actual injury." *Berry v. Oswalt*, 143 F.3d 1127, 1133 (8th Cir. 1998). As such, the United States Court of Appeals for the Eighth Circuit has determined that "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain." *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished opinion). Nevertheless, the "objective-pain component of the Eighth

Amendment analysis does not require significant injury." *See Berry*, 143 F.3d at 1133 (allegations of "nonroutine patdowns" and verbal harassment sufficient evidence for jury to find constitutional violation). *See also Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments, and used nightstick to rub prisoner's buttocks were sufficient to withstand summary judgment); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (allegations that prison guard performed daily pat-down searches, tickled inmates, and deliberately examined genitals were sufficient to withstand summary judgment); and *Williams v. Prudden*, 67 F. App'x 976, 977 (8th Cir. 2003) (explaining that inmate sufficiently stated "an Eighth Amendment claim by alleging that [defendant] ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her").

Here, plaintiff states that she identifies as a transgender woman. She alleges that on December 6, 2022, she was sodomized with a finger, an incident she believes constitutes sexual abuse, and for which she requested a rape kit. Specifically, plaintiff asserts that while in restraints, she was stripped naked and held against a wall by Officers Loflin and Dobbs. In that position, she asserts that Officer Womack "rammed his finger" into her anus. This caused her "bad" pain, as well as anal bleeding.

The Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). The Court also notes that because she is proceeding as a self-represented litigant, plaintiff's complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Bearing this in mind, the Court determines that plaintiff has alleged sufficient factual allegations against defendants Loflin, Womack, and Dobbs in their individual

7

capacities to pass initial review under 28 U.S.C. § 1915. The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the complaint. This is not a determination of the merits of her claim or any potential defenses thereto.

### B. Motion for Preliminary Injunctive Relief

Plaintiff has filed a document that the Court has construed as a motion for preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 27 (2008). In determining whether to grant preliminary injunctive relief, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). The burden of proving that an injunction should be issued rests with the plaintiff. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Here, plaintiff seeks an order directing the Missouri Department of Corrections to separate plaintiff from defendants "by sight and sound," or to immediately transfer her to another facility.

8

Additionally, plaintiff requests release from administrative segregation to protective custody. She has not, however, carried her burden of proving that injunctive relief is warranted.

With regard to the separation plaintiff claims is required by Policy DI-8.13, she has not presented facts demonstrating that the failure to follow this policy threatens her with irreparable harm. Though she speculates that something might happen, she has not based this speculation on any factual allegations. Meanwhile, plaintiff indicates receiving some harassment from her filing of Prison Rape Elimination Act violations, but she attributes that to an individual who is not named as a defendant. Weighed against that is the harm stemming from an injunction if the Court were to insert itself into administrative matters at the Southeast Correctional Center at this stage. For the same reasons, plaintiff has not shown that she is entitled to release from administrative segregation. That is, she has not demonstrated irreparable harm to herself, or that such an order would not injure the nonmoving party. Therefore, plaintiff's motion for preliminary injunctive relief must be denied.

Plaintiff also requests that the Court order copies made of all her retaliation reports. This request will also be denied, as the discovery process in the case has not yet begun.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 6). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim … and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity

9

of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.29 by **April 26, 2023**. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunctive relief (Docket No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 6) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendants Billy Loflin, Tyler Womack, and Unknown Dobbs in their individual capacities as to plaintiff's claim under the Eighth Amendment. Defendants shall be served with

process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections Employees.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of April, 2023.