**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| FRANKLIN KINSEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-CV-00007-NCC |
| BILLY LOFLIN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a document submitted by plaintiff Franklin Kinsey that the Court construes as a motion for an extension of time in which to pay the initial partial filing fee, a motion for discovery, and a motion for a temporary restraining order. (Docket No. 11). For the reasons discussed below, the motion will be granted in part and denied in part.

### Motion for Extension of Time

First, plaintiff seeks an extension of time in which to pay the initial partial filing fee of $2.29, which the Court assessed in its order of April 5, 2023. The filing fee is due on or before April 26, 2023. In her[1] motion, plaintiff states that she received the Court's order after having already exhausted her legal spend. She therefore requests a forty-five day extension to make the payment. Having reviewed the motion, the Court finds that it should be granted. Plaintiff will be given forty-five days from the date of this order in which to submit the initial partial filing fee of $2.29.

---

[1] Plaintiff has previously advised the Court that she identifies as a transgender woman and requests that female pronouns be used. (Docket No. 5 at 3; Docket No. 8 at 2). For purposes of this order, the Court will grant this request.

**Motion for Discovery**

Second, plaintiff once again asks the Court to "order this prison to issue" her copies of all her retaliation reports in order to "back [her] claim." She further moves that physical evidence, including gloves and surveillance video, be preserved as evidence. The motion will be denied. The Court has not yet issued a case management order or authorized discovery in this case. Moreover, plaintiff has not presented any factual allegations, beyond her bare assertions, that defendants will improperly dispose of potential evidence. Finally, defendants are under an obligation to preserve potentially relevant evidence under their control. Any failure to preserve such evidence might lead to sanctions for spoliation of evidence. *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007).

**Motion for Temporary Restraining Order**

Third, plaintiff moves for a temporary restraining order against defendants Tyler Womack, Billy Loflin, and Phillip Dobbs that would require them "to stay away from" her. Plaintiff previously filed a similar motion, which the Court denied on April 5, 2023. She presents no new facts suggesting that the Court's prior decision should be revisited. Rather, plaintiff repeats the earlier conclusory statements that an injunction is required for her safety, without any corresponding factual support. As such, the Court determines that plaintiff has not carried her burden of proving a restraining order should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019) (stating that the burden of proving that an injunction should be issued rests with the plaintiff). Therefore, the motion for a temporary restraining order will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion (Docket No. 11) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time in which to pay the initial partial filing fee of $2.29 is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay the initial partial filing fee of $2.29 by **June 4, 2023**.

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of April, 2023.