## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN KINSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-00007-NCC |
| | ) | |
| BILLY LOFLIN, TYLER WOMACK, and | ) | |
| UNKNOWN DOBBS, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On June 2, 2023, service on defendant Phillip Dobbs was returned unexecuted. Therefore, for the reasons discussed below, the Court will direct plaintiff to provide adequate information such that defendant Dobbs can be served with process.

### Background

On April 5, 2023, the Court directed the Clerk of Court to issue process on defendants Billy Loflin, Tyler Womack, and Phillip Dobbs[1] in their individual capacities as to plaintiff's claims under the Eighth Amendment. (Docket No. 9). Defendants were served via the waiver agreement the Court maintains with the Missouri Attorney General's Office.

On April 21, 2023, Assistant Attorney General Lucina Diaz entered her appearance for defendants Loflin and Womack, and advised that they would waive service of process. (Docket No. 15; Docket No. 16). However, Assistant Attorney General Diaz informed the Court that she

---

[1] The Court notes that in the complaint, defendant Dobbs is identified as Unknown Dobbs. (Docket No. 1). Assistant Attorney General Diaz has indicated that defendant's first name is Phillip. (Docket No. 15).

could not waive service for defendant Dobbs, because he was no longer employed by the Missouri Department of Corrections. (Docket No. 15).

On April 25, 2023, the Court ordered Assistant Attorney General Diaz to submit the last known address of defendant Dobbs under seal and ex parte. (Docket No. 18). Assistant Attorney General Diaz complied, and on May 3, 2023, the Court directed the Clerk of Court to effectuate service via the United States Marshals Service (USMS). (Docket No. 20). The Court further ordered that a copy of the summons and the return of summons should be filed under seal and ex parte.

On June 2, 2023, service was returned unexecuted. The Deputy United States Marshal stated that he had attempted to serve summons three times, but that he made no contact with defendant Dobbs. The Deputy United States Marshal further certified that he was unable to locate defendant Dobbs.

## Discussion

In cases where a pro se litigant is proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). As such, a litigant proceeding in forma pauperis is entitled to rely on service by the USMS. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Once an in forma pauperis plaintiff has taken reasonable steps to identify the defendants, the court must issue plaintiff's process to the USMS, who must then effectuate service. *Id*. However, it is plaintiff's responsibility to provide the information necessary for service on the defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). *See also Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

Here, as discussed above, two of the three defendants plaintiff named in his complaint have been served. The third defendant, Phillip Dobbs, is no longer employed with the Missouri Department of Corrections, so the Court ordered that his last known address be submitted under seal and ex parte, and directed the Clerk of Court to have the USMS effectuate service. However, the USMS has been unable to make contact with defendant Dobbs at the location provided under seal.

While the Court is required to "issue and serve all process," it is plaintiff's responsibility to provide the information necessary for service on the defendants. The Court will therefore direct plaintiff to provide adequate information on defendant Dobbs so that service can be reattempted. He will be given thirty days in which to comply. If plaintiff fails to provide any further information as to defendant Dobbs, the Court will dismiss the claims against Dobbs without prejudice and without further notice.

### Motion to Withdraw

On June 2, 2023, Assistant Attorney General Diaz filed a motion to withdraw as attorney for defendants Billy Loflin and Tyler Womack. (Docket No. 23). On that same day, Assistant Attorney General Stephen M. Hoeplinger entered his appearance on their behalf. (Docket No. 21). Having reviewed the motion to withdraw, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Assistant Attorney General Lucina Diaz's motion to withdraw as counsel (Docket No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to provide adequate information regarding the location of defendant Phillip Dobbs so that he can be served with process.

3

**IT IS FURTHER ORDERED** that if plaintiff fails to provide adequate information regarding the location of defendant Phillip Dobbs within **thirty (30) days** from the date of this order, the claims against defendant Dobbs will be dismissed without prejudice and without further notice.

Dated this 15th day of June, 2023.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE