UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN KINSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00007-NCC |
| | ) | |
| BILLY LOFLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On June 15, 2023, the Court directed plaintiff Franklin Kinsey to provide adequate information regarding the location of defendant Phillip Dobbs, so that Dobbs could be properly served. (Docket No. 25). He was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of Dobbs from this case. Plaintiff has not responded. Therefore, for the reasons discussed below, the Court will dismiss defendant Dobbs from this action without prejudice.

**Background**

On April 5, 2023, the Court directed the Clerk of Court to issue process on defendants Billy Loflin, Tyler Womack, and Phillip Dobbs[1] in their individual capacities as to plaintiff's claims under the Eighth Amendment. (Docket No. 9). Defendants were served via the waiver agreement the Court maintains with the Missouri Attorney General's Office.

On April 21, 2023, Assistant Attorney General Lucina Diaz entered her appearance for defendants Loflin and Womack, and advised that they would waive service of process. (Docket No. 15; Docket No. 16). However, Assistant Attorney General Diaz informed the Court that she

---

[1] The Court notes that in the complaint, defendant Dobbs is identified as Unknown Dobbs. (Docket No. 1). Assistant Attorney General Diaz has indicated that defendant's first name is Phillip. (Docket No. 15).

could not waive service for defendant Dobbs, because he was no longer employed by the Missouri Department of Corrections. (Docket No. 15).

On April 25, 2023, the Court ordered Assistant Attorney General Diaz to submit the last known address of defendant Dobbs under seal and ex parte. (Docket No. 18). Assistant Attorney General Diaz complied, and on May 3, 2023, the Court directed the Clerk of Court to effectuate service via the United States Marshals Service (USMS). (Docket No. 20). The Court further ordered that a copy of the summons and the return of summons should be filed under seal and ex parte.

On June 2, 2023, service on defendant Dobbs was returned unexecuted. (Docket No. 24). The Deputy United States Marshal stated that he had attempted to serve summons three times, but that he made no contact with defendant Dobbs. The Deputy United States Marshal further certified that he was unable to locate defendant Dobbs.

On June 15, 2023, the Court directed plaintiff to provide adequate information on defendant Dobbs so that service could be reattempted. (Docket No. 25). In so doing, the Court noted that it was required to "issue and serve all process." *See* 28 U.S.C. § 1915(d). *See also Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) (explaining that a litigant proceeding in forma pauperis is entitled to rely on service by the USMS). However, the Court also noted that plaintiff had the responsibility to provide the information necessary for service on the defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). *See also Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

Having already attempted service on defendant Dobbs using his last known address, the Court directed plaintiff to provide adequate service information within thirty days. The Court

advised plaintiff that if he did not provide any further information within that timeframe, the Court would dismiss the claims against defendant Dobbs without prejudice and without further notice.

## Discussion

Under Rule 4 of the Federal Rules of Civil Procedure, a defendant must be served within ninety days of the filing of the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within this time period, "the court – on its own motion or on its own notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. The Court must extend this period if plaintiff shows good cause for the failure. *Id*.

Here, as noted above, the Court has attempted to serve defendant Dobbs using his last known address. The USMS has been unable to serve Dobbs, despite multiple attempts. On June 15, 2023, the Court gave notice of this fact to plaintiff, and ordered him to provide adequate information so that Dobbs could be served with process. He was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of Dobbs without prejudice and without further notice. The deadline for plaintiff to respond was July 17, 2023. That deadline has expired, and plaintiff has not provided any additional service information, requested an extension of time to provide such information, or otherwise presented good cause for his failure to comply. Therefore, the Court will dismiss defendant Dobbs from this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Phillip Dobbs is **DISMISSED** from this action without prejudice. *See*. Fed. R. Civ. P. 4(m). A separate order of partial dismissal will be entered herewith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of August, 2023.